**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4941**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN SYLVESTER WALKER, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   James K. Bredar, District Judge. (1:11-cr-00290-JKB-1)

———————

Submitted: October 30, 2014            Decided: November 7, 2014

———————

Before KEENAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven H. Levin, Sarah F. Lacey, LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Sylvester Walker, Jr., was convicted by a jury of possessing a firearm and ammunition after having been convicted of a felony, 18 U.S.C. § 922(g) (2012), and sentenced to 293 months' imprisonment. He appeals, challenging the denial of his motion to suppress.

Construing the facts in the light most favorable to the Government, United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013), the evidence before the district court established the following. At approximately 2:00 a.m. on January 30, 2011, Baltimore County Police Sergeant James MacNeil was on duty, monitoring the Cheers Bar and Grill as it closed for the night. According to MacNeil, the area had a history of violent crime, including shootings. MacNeil received a call from the 911 dispatcher for a "man with a gun at the Denny's" -- a restaurant located in the same shopping center as the Cheers Bar and Grill. As MacNeil exited his vehicle, he encountered two men who simultaneously pointed to Walker and said "That's the guy with the gun." MacNeil then approached Walker, drew his service weapon, and ordered Walker to the ground. Instead of complying, Walker attempted to move out of view, between two cars in the parking lot. After other officers arrived on the scene, Walker eventually complied and a .45 caliber semi-automatic pistol was removed from the front of Walker's pants waistband.

2

Walker moved to suppress, arguing that his arrest and the seizure of his property were made without reasonable suspicion or probable cause. After a hearing, the district court denied the motion, finding that both the initial stop and subsequent taking of the gun were lawful.

We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. See United States v. Burgess, 684 F.3d 445, 452 (4th Cir. 2012). When, as here, a motion to suppress has been denied, this court views the evidence presented in the light most favorable to the Government. Black, 707 F.3d at 534.

Consistent with the Fourth Amendment, a police officer may stop a person for investigative purposes when the officer has reasonable suspicion based on articulable facts "that criminal activity 'may be afoot' . . . ." United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)). Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. See id. at 273-74; United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded

3

to police officers' determinations based on their practical experience and training. United States v. Foreman, 369 F.3d 776, 782 (4th Cir. 2004).

Walker argues that the officers lacked a reasonable articulable suspicion because they only "received tips from two anonymous bystanders pointing in the direction of Mr. Walker and stating that he had a gun." However, we have distinguished face-to-face encounters from anonymous tips in the context of the Fourth Amendment. See United States v. Christmas, 222 F.3d 141, 144-45 (4th Cir. 2000) (noting that "unlike the anonymous tipster, a witness who directly approaches a police officer can also be held accountable for false statements"). We find that the officers here had ample reasonable articulable suspicion that Walker was committing a crime based on the totality of the circumstances—an area known for violent criminal activity; a 911 call that a man had a gun at Denny's; two bystanders pointing to Walker and stating that he was the one with the gun; and Walker's initial evasive behavior. Therefore, the district court properly concluded that the initial stop was proper.

The court also properly found that the search of Walker's person was lawful. "[I]f the officer has a reasonable fear for his own and others' safety based on an articulable suspicion that the suspect may be armed and presently dangerous, the officer may conduct a protective search of, i.e., frisk, the

4

outer layers of the suspect's clothing for weapons." <u>United States v. Holmes</u>, 376 F.3d 270, 275 (4th Cir. 2004) (internal quotation marks omitted).

Accordingly, we affirm the denial of Walker's motion to suppress and affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before and this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>